IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TROY BARNETT,                    *

    PLAINTIFF,                 *

                                CIVIL ACTION NO.: RDB-12-0422

        V.                    *

BANK OF AMERICA, N.A., *ET AL.*,    *

    DEFENDANTS.                *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### MEMORANDUM OPINION

Almost four years ago, this Court dismissed *pro se* Plaintiff Troy Barnett's "incomprehensible" claim which sought relief "against two mortgage lenders arising out of two loans." *Barnett v. Ryland Mortgage Co.*, No. AMD-08-0710, Mem. Op. & Order, ECF Nos. 9 & 10. In the present case, Plaintiff again seeks relief against two mortgage lenders on claims arising out of the same two loans. The instant Complaint, filed on January 10, 2012 in the Circuit Court for Baltimore County, was timely removed by Defendant Bank of America, N.A. to this Court on February 10, 2012. *See* ECF No. 1. For the reasons that follow, this Court concludes that Plaintiff's claims are barred by the doctrine of *res judicata*, and the defendants are entitled to dismissal. Accordingly, Defendant Ryland Mortgage Company's Motion to Dismiss (ECF No. 6) will be GRANTED; Defendant Bank of America, N.A.'s Motion to Dismiss (ECF No. 8) will be GRANTED; Plaintiff's motions for leave to file supplemental materials (ECF Nos. 22 & 23) will be DENIED; and Plaintiff's Motion for leave to File Amended Complaint (ECF No. 26) will be DENIED.

## BACKGROUND

In ruling on a motion to dismiss, the factual allegations in the plaintiff's complaint must be accepted as true and those facts must be construed in the light most favorable to the plaintiff. *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Moreover, a *pro se* litigant's complaint should not be dismissed unless it appears beyond doubt that the litigant can prove no set of facts in support of his claim that would entitle him to relief. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

On June 12, 2007, Plaintiff purchased the property located at 724 Luke Road, Middle River, Maryland 21220 (the "Property").[1] In connection with this purchase, Plaintiff obtained two residential mortgage loans from Ryland Mortgage Company, secured by Deeds of Trust. *See* ECF No. 8-7. Plaintiff contends that Defendant Bank of America, N.A. is the current servicer of the loan. Compl. ¶ 10, ECF No. 2. Plaintiff alleges that after signing the Deeds of Trust, the documents were "manipulated . . . with the statement 'Purchase Money Transaction' hand written above the Deed of Trust title." *Id.* ¶ 15. The gravamen of Plaintiff's Complaint, appears to be his contention that this "manipulation" of the Deed of Trust somehow "cancelled" Plaintiff's right of rescission under the Truth of Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq. Id.* ¶¶ 15, 20. Plaintiff's Complaint is styled as a "Complaint to Suit to Quite Title," and he does seek a judgment of quiet title in the Property. *Id.* ¶ 27. In addition, it appears as though Plaintiff also alleges a number of other causes of action, including *inter alia*, "restitution under fraud," injunctive relief enjoining Defendants from claiming any interest in the Property, a declaratory judgment that the Deed

---

[1] Because Plaintiff's Complaint lacks certain pertinent details regarding the Property at issue, those details have been taken from exhibits provided by Defendants.

of Trust be declared null and void and that the promissory note be fully discharged, and for return of all payments "illegally received" by Defendants since May of 2007.  *See id.* ¶¶ 65-72.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted; therefore, "the purpose of Rule 12(b)(6) is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."  *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).  In ruling on such a motion, this Court is guided by the Supreme Court's instructions in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) which "require complaints in civil actions be alleged with greater specificity than previously was required."  *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted).  The Supreme Court's *Twombly* decision articulated "[t]wo working principles" courts must employ when ruling on Rule 12(b)(6) motions to dismiss.  *Iqbal*, 556 U.S. at 678.

First, while a court must accept as true all the factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference.  *Id.* ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim.)  Second, a complaint must be dismissed if it does not allege "a plausible claim for relief."  *Id.* at 679.  Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555.  Although the plausibility

requirement does not impose a "probability requirement," *id.* at 556, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663; *see also Robertson v. Sea Pines Real Estate Cos.*, 679 F.3d 278, 291 (4th Cir. 2012) ("A complaint need not make a case against a defendant or *forecast evidence* sufficient to *prove* an element of the claim.  It need only *allege facts* sufficient to *state* elements of the claim.") (emphasis in original) (internal quotation marks and citation omitted).  In short, a court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief." *Iqbal*, 556 U.S. at 664.

## ANALYSIS

Both Defendants in this case seek dismissal under the doctrine of *res judicata* in light of this Court's previous dismissal of Plaintiff's 2008 lawsuit (the "2008 Action").  It is a fundamental principle of the judicial system that parties have a right to a full and fair litigation of their claims.  *Montana v. United States*, 440 U.S. 147, 153 (1979).  However, to further judicial economy principles, protect parties against "the expense and vexation attending multiple lawsuits . . . and foster reliance on judicial action by minimizing the possibility of inconsistent decisions," prior judgments must foreclose a party's ability to litigate.  *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008).  The judge-made doctrine of res judicata serves "to promote judicial efficiency and foster reliance on adjudications by putting an end to a cause of action once litigated."  *United States v. Tatum*, 943 F.2d 370, 381 (4th Cir. 1991); *see also Commissioner of Internal Revenue v. Sunnen*, 333 U.S. 591, 597 (1948) (res judicata is

"judicial in origin"). "The preclusive effect of a judgment is defined by claim preclusion and issue preclusion . . . collectively referred to as *res judicata*." *Taylor*, 553 U.S. at 892 (2008).

The doctrine of claim preclusion, provides that a final judgment on the merits in a prior suit bars a second suit based on the same cause of action that involves the same parties or their privies. *See Montana*, 440 U.S. at 153; *Jones v. SEC*, 115 F.3d 1173, 1178 (4th Cir. 1997). The doctrine of claim preclusion requires: (1) identity or privity of parties between the present and original lawsuit; (2) substantial similarity of the claims; and (3) a valid final judgment on the merits in the original litigation. *Shoup v. Bell & Howell Co.*, 872 F.2d 1178, 1179 (4th Cir. 1989); *see also Adkins v. Allstate Ins. Co.*, 729 F.2d 974, 976 (4th Cir. 1984).

With regard to the first element of the claim preclusion analysis, the parties in the present case are undoubtedly the same or are in privity with the parties to the 2008 Action. The Plaintiff and Ryland were undoubtedly parties in the 2008 Action and it is undisputed that Bank of America, N.A. is in privity with Countrywide Home Loans, Inc., a defendant in the original case. *See* Assignment of Deed of Trust, ECF No. 8-9; *see also Anyanwutaku v. Fleet Mortgage Group*, 85 F. Supp. 2d 566, 571 (D. Md. 2000) ("Privity in the res judicata sense generally involves a person so identified in interest with another that he represents the same legal right.").

Whether this case meets the second requirement "does not turn on whether the claims asserted are identical." *Pueschel v. United States*, 369 F.3d 345, 355 (4th Cir. 2004). Instead, the determination turns on whether the two suits "arise out of the same transaction or series of transactions or the same core of operative facts." *Keith v. Aldridge*, 900 F.2d 736, 740 (4th Cir. 1990); 18 WRIGHT, MILLER & COOPER, FEDERAL PRACTICE & PROCEDURE:

JURISDICTION § 4407 (2d ed. 2002).  Accordingly, a party who asserts a right to relief arising out of a particular transaction or occurrence must join all claims arising from it, or the omitted claims will be barred under the claim preclusion doctrine.  *Meekins v. United Transp. Union*, 946 F.2d 1054, 1057 (4th Cir. 1991).  The rule is designed to avoid the costs, delay, and potential for inconsistent decisions that accompany interminable re-litigation of the same case. *Montana*, 440 U.S. at 153–54.  Here, it is clear that Plaintiff's claims in this case are duplicative of those asserted in the 2008 Action—they each involve the same loans, the same parties, and although the complaints are difficult to decipher, the same general causes of action.  Consequently, this Court is satisfied that the requirement that the claims arise out of the same transaction or series of transactions is met.

Finally, federal law controls the assessment of the preclusive effect of an earlier federal judgment.  *See Harnett v. Billman*, 800 F.2d 1308, 1312–13 (4th Cir. 1986).  Where federal courts are involved, "the general principle is to avoid duplicative litigation." *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976).  In the 2008 Action, Judge Davis[2] of this Court dismissed Plaintiff's claims.  Essentially, Judge Davis dismissed the Complaint on the ground that it was "incomprehensible" and "indecipherable." *See Barnett v. Ryland Mortgage Co.*, No. AMD-08-0710, Memorandum, ECF No. 9 (D. Md. March 31, 2008).  To have preclusive effect, a final judgment must be "on the merits," *Shoup*, 872 F.2d at 1179, and it is unclear to what extent Judge Davis' initial dismissal was based on the merits of the case.  However, subsequent to dismissal, Plaintiff moved for reconsideration of

---

[2]  During the pendency of the 2008 Action, Judge Davis was a United States District Judge in the District of Maryland.  He has since been nominated, confirmed, and commissioned as a Judge on the United States Court of Appeals for the Fourth Circuit.

the Court's earlier dismissal.  In ruling on that motion, Judge Davis noted that the motion for reconsideration "clarified somewhat [Plaintiff's] theory of the case" and that "[i]t appears that plaintiff intended to allege that he is entitled to a jury determination of whether certain mortgage notes he executed are 'valid' and/or 'enforceable.'"  *Barnett v. Ryland Mortgage Co.*, No. AMD-08-0710, Order, ECF No. 12.   In light of the clarification, Judge Davis nonetheless denied Plaintiff's motion for reconsideration because "plaintiff [ ] failed to allege any cognizable injury arising from his asserted uncertainty as to the enforceability of his ostensible indebtedness."  *Id.*  Thereafter, Plaintiff filed another motion for reconsideration and request for a more definite statement.  *See id.*, ECF No. 13.  Judge Davis denied that motion as well.  *Id.*, ECF No. 14.  With this in mind, this Court has no difficulty concluding that the previous dismissal of Plaintiff's case in the 2008 Action was based on the "merits" of his claim—and as a result, the third element of claim preclusion is satisfied.  Accordingly, under the doctrine of *res judicata*, the 2008 Action in this Court foreclose Plaintiff's present litigation, and Defendants' Motions to Dismiss (ECF Nos. 6 & 8) will be GRANTED.

After Defendants replied to Plaintiff's opposition to their respective motions to dismiss, Plaintiff filed motions for leave to file surreplies in order to "point out clarifications in already submitted claims."  *See* Pl.'s Mots., ECF Nos. 22 & 23.  Plaintiff believes "it is unfair for Defendant to have final presentment when Defendant submitted initial Motion and was able to reply to Plaintiff's opposition of its Motion."  *Id.*  However, there is nothing unfair about allowing Defendants the opportunity to reply—because they bear the burden on a motion to dismiss, they get the proverbial last bite at the apple.  That is why, under this Court's Local Rules, "[u]nless otherwise ordered by the Court, surreply memoranda are not

permitted to be filed." Local Rule 105.2 (D. Md. 2011). Accordingly, Plaintiff's motions for leave to file surreplies (ECF Nos. 22 & 23) will be DENIED.

Finally, in Paper number 26, Plaintiff seeks leave to file an amended complaint. While Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires," the Court will deny Plaintiff's request because amendment would be futile. Plaintiff's Amended Complaint arises out of the same transaction—the mortgage loan transaction at issue in the 2008 Action—and generally asserts re-worked versions of the same causes of action. Because this Court concluded that Plaintiff's claims are barred under the doctrine of *res judicata*, amendment of those same claims does not alter the 2008 Action's preclusive effect, and the motion for leave to amend (ECF No. 26) will be DENIED.

### CONCLUSION

For the reasons stated above, the Court concludes that the doctrine of *res judicata* bars Plaintiff's claims in the present action. Accordingly, Defendant Ryland Mortgage Company's Motion to Dismiss (ECF No. 6) will be GRANTED; Defendant Bank of America, N.A.'s Motion to Dismiss (ECF No. 8) will be GRANTED; Plaintiff's motions for leave to file supplemental materials (ECF Nos. 22 & 23) will be DENIED; and Plaintiff's Motion for leave to File Amended Complaint (ECF No. 26) will be DENIED.

A separate Order follows.

Dated: August 29, 2012.

/s/_____
Richard D. Bennett
United States District Judge